OF MARYLAND. 185

Edelen's Ex'rs vs. Dent's Adm'r.—1830.

## Edelen's Ex'rs vs. Dent's Adm'rs.—*June,* 1830.

A testator directed the whole of his real and personal estate, not specifically devised, to be sold on credit by his executors, and the proceeds applied to the payment of his debts and legacies. At the time of making his will, and at his death, he was indebted to E, one of his pecuniary legatees, to whom he devised a greater sum than he owed. In an action by E against the executors to recover the debt due to her from the testator, HELD that her legacy was not to be taken as a satisfaction of the debt due her.

The general rule of law that a pecuniary legacy, of an equal, or a larger amount, is to be taken as a satisfaction of a debt, is undeniable; but it is not an unbending rule, and not being much favored, is made to yield to slight circumstances.

An express devise for the payment of debts and legacies—the creation of a fund for the payment of debts, and a charge of the legacy on that fund—if the legacy be uncertain, and made to depend upon a contingency—if the payment of the legacy be postponed by the will to a time subsequent to that, at which the debt is due and payable, or if the debt be due at the time of the testator's death, and the legacy be not made payable immediately, but at some future time, are each cases in which a legacy will not be considered as a satisfaction of the testator's debt.

APPEAL from *Prince George's* County Court.

This was an action of debt by the appellee, as administrator, *d. b. n.* of *Elizabeth Dent,* against the appellants, *Joseph Edelen* and *Nicholas Stonestreet,* as executors of *James Edelen,* on a single bill, signed by the appellant's testator, payable to the intestate of the appellee, for $1409 86, on demand, and dated on the 20th June, 1812. The defendants pleaded payment, on which issue was taken. The following statement of facts was submitted for the decision of the court: "*James Edelen,* by his last will and testament, dated 29th August, 1813, which was duly proved and recorded in the office of Register of Wills of *Prince George's* county, and which is as follows, to wit: 'In the name of God, Amen; I, *James Edelen,* of *Prince George's* county, &c. *Item,* I will and direct that my executors hereinafter named, shall pay and satisfy all my just debts. *Item,* I will, and devise, that all my land and real estate, consisting of the plantation on which I live, the one on

which *Dixon* now lives, and the one occupied by *Joseph N. Stonestreet*, shall go to my executors, to them, and their heirs, for the following purposes, to wit: to be by them sold, as soon as they can be, and the money arising from the sale of said land, shall be distributed among my legatees hereinafter named; and I also will and direct, that all my personal estate, not hereinafter particularly devised, shall be also sold by my executors, and the whole proceeds divided among my legatees hereinafter named.  The whole money arising from the sales of real and personal property, to be distributed in the proportions hereinafter designated.  And I direct, that the real estate shall be sold upon a credit of six, twelve, and eighteen months, from the day of sale, and the personal property upon six months credit, the purchasers giving bond with approved security, for the payment of their respective purchases.  *Item*, I will and devise to my brother *Joseph Edelen*, the sum of $6,000 to him for his life, that is, he shall receive the interest of the said money, and at his death to be equally divided amongst his children.  I also give to my brother *Joseph Edelen*, my two years old sorrel colt, out of *Floretta*.  *Item*, I give to my sister, *Elizabeth Dent*, the sum of $2,500, and I direct that she shall pay the interest of said $500 annually, to her son *William Lewis Dent*, and at his death shall divide it amongst his children.  *Item*, I give to *George W. Dent*, the sum of $250.  I also give to my sister *Elizabeth Dent*, negro girl called *Suck*.  *Item*, I give to my sister *Margaret Stonestreet*, the sum of $2,000: I also give to my sister *Margaret Stonestreet*, negro woman *Harriet*, and her children.  *Item*, I give to my sister *Sarah Pye*, the sum of $1500.  *Item*, I give to my sister *Mary Stonestreet*, the sum of $500.  *Item*, I give to my sister *Mary Stonestreet*, negro woman called *Betty Day* and her children, and also *Bob*, his wife, and three youngest children.  *Item*, I give to my brother *Samuel Edelen*, my negro boy called *Patrick*, and I release to him the money he owes me.  *Item*, I give to my niece *Jane Diggs*, negro woman *Betty*, and her four

children. *Item*, I give to my niece *Mary N. Stonestreet*, negro girls *Mary* and *Kitty*, and negro boy *Daniel*. *Item*, I give to my nephew *Joseph N. Stonestreet*, the sum of $500, and release and discharge him from his note, and then after various other specific, and pecuniary bequests, the testator constitutes the appellants his executors, and bequests to the intestate of the appellee, the further sum of $250. The several pecuniary bequests to the intestate of the appellees contained in the foregoing will, amounted to the sum of $2750, and at the time of his death it was admitted, that the appellant's testator owed to her, as evidenced by the single bill upon which this action is brought, the sum of $1409 86, with interest from the 20th June, 1812. The will of the appellant's testator, was proved on the 8th of January, 1814—the money due by the single bill, was payable, before and at the time of the testator's death; and upon this statement the question is, whether, the debt due *Elizabeth Dent*, is satisfied by the legacy. It was agreed that the preceding statement should have the same effect as a special verdict, each party reserving the privilege of appealing. The county court gave judgment on the case stated for the plaintiff, and the defendants appealed to the court of appeals.

The case came on to be tried before BUCHANAN, Ch. J. EARLE and ARCHER, J. and was submitted on notes.

*Stonestreet*, for the appellants.

This was an action of debt on a single bill, dated in June, 1812, for the sum of $1409. The defendants below pleaded that the debt was paid, by the gift of a pecuniary legacy of a much larger amount, by the will of *James Edelen*, dated August, 1813. It is contended on the part of the appellant, that the general rule of law is, that a pecuniary legacy of an equal or larger amount, will be considered a satisfaction of an existing debt—and it must be collected from the whole will, whether the testator intended it should be

a satisfaction of the debt or not.  In this case it is contended that it manifestly appears that such was his intention. In the first place he devises that all his estate, real and personal, shall be sold by his executors, and the proceeds divided amongst his legatees after named, embracing necessarily the fund for the payment of debts.  This is the only debt that he owed, and it is certain he designed it should be paid; and as he has directed the proceeds of sales of both real and personal estate, to be applied to the payment of legacies, therefore he intended that the legacy to *Elizabeth Dent* should include her debt.  Again it appears from the will, that the testator had four sisters—and it may be presumed that they were equally the objects of his bounty; and in the bequests of pecuniary legacies to them, it will be seen, that he has given to his sister *Elizabeth Dent,* more than to the others; a sum, at least, equal to the debt due to her; thus shewing that he intended the legacy as a payment of the debt—the debt was only about a twelve month standing when he made his will.  It is also a circumstance, entitled to no little weight, that it would seem, he had made some calculation about the amounts he had given, probably with what he owed, for at the very end of the will, being the last item, he gives to *Elizabeth Dent* an additional sum of $250—her legacy previous to that, was larger than to either of the other sisters.  I am aware that it will be objected in this case, that the payment of the legacy is postponed, as it is to be paid from the proceeds of sales of the real and personal estate; this is no objection in this State, because by the testamentary system, an executor is allowed twelve months to ascertain the amount of the debts of the deceased, and cannot be compelled to pay them before that time; it is certain if he pays previously, he does it at his peril, if there should not be assets to pay the debts.  Again, if the sale of property is necessary for the payment of debts, (and in this case it is so) the uniform practice of the Orphans Court, which is sustained by the law, is to order sales of personal proper-

ty, for the payment of the deceased's debts, upon a credit of at least six months; and, in this case, the testator would appear to have conformed to that practice and law, by ordering his personal property to be sold on six months credit, and thus providing for the payment of that debt, the very means and within the very time that the legal tribunals of the country would have done in case he had omitted it. Therefore, his adopting the *very course* the law would have proceeded in, for the payment of the debts, is a ground from which to infer that he intended the legacy should pay the debt. For these reasons it is contended that the Court below erred in giving judgment for the plaintiff.

*R. Johnson,* for the appellee.

The only question in this case is, whether the debt from which the judgment below was given in favor of the appellee, was extinguished by the legacy to *Elizabeth Dent,* the appellee's intestate, bequeathed by the will of *James Edelen,* the testator of the appellants. The rule of law that a legacy to a creditor of an equal or greater amount than his debt, is to be taken as a satisfaction of the debt, is not denied. It has been too long established to be now shaken, but it is equally certain that it has never been a favorite with the Courts, and that the slightest circumstance has been seized upon to avoid its operation. 2 *Mad. Ch.* 42. *Richardson vs. Greese,* 3 *Atk.* 65. *Matthews vs. Matthews,* 2 *Vez. sen.* 636. In the case in 3 *Atk.* Lord *Hardwicke* holds this language: "length of time will not suffer it (the rule in question) to be shaken now, as it has become the fixed rule of property, and yet the maxim *debitur non præsumitur donare,* would *not hold if it was to be reconsidered,* for the Courts have always shewn some dissatisfaction at the rule, and endeavor, if there is any room to do it, to distinguish the cases out of it. They have said indeed they would not break the rule, but at the same time have said, they would not go one jot further, and have been fond of distinguishing cases since, if possible."

There are two circumstances in the will in the present case, either of which is sufficient to take the particular bequest out of the application of this rule. The first is, that the testator before giving the legacy, directs his executors to pay and satisfy all *his just debts.* The second is, that the debt in controversy, was an existing debt, actually due at the date of the will and at the testator's death, and the payment of the legacy is postponed, to at least six months from the latter period.

The will directs, that the real and personal estate of the testator, should be sold by the executors. The real, upon a credit of six, twelve and eighteen months, and the personal, upon a credit of six months, and that the legacies are to be paid out of the proceeds of the sale. *First,* That a direction for the payment of the debts avoids the rule, *see* 2 *Mad. Chan.* 42. *Chancey's case,* 1 *P. Wms.* 408. *Richardson vs. Greese,* 3 *Atk.* 65. *Hinchliffe vs. Hinchliffe,* 3 *Ves.* 529. The cases in *P. W.* and in *Atk.* will be found substantially the same as the one before the Court. *Second,* The postponement of the payment of the legacy. *See Nicholls vs. Judson,* 2 *Atk.* 300. *Clarke vs. Sewell,* 3 *Atk.* 96. *Peacock vs. Falkener,* 1 *Bro. C. C.* 296.

The counsel for the appellants endeavor to escape the effect of this circumstance upon the ground, that by our testamentary system, an executor is allowed a year to discover the amount of the debts, and is not bound to discharge any of them before the expiration of that period. Conceding that this difference between the situation of an executor here and in England, would in any case make any change in the law, (which however is by no means admitted,) what influence has it upon the case before the Court. The postponement here of the legacy, it is obvious may in part at least be six months beyond the end of the year, when the executors would be bound to pay the debts, because the whole fund out of which the legacy is to be paid, is not to come into their hands till eighteen months, not from the death of the testator, but from the time the

property directed to be sold, is disposed of. There can then be no reason why this second exception to the rule should not be held to embrace this case.

There is an additional circumstance in the will before the Court, tending to shew that the testator could not have designed to satisfy this debt by the legacy in question. It is this, that in his specific bequest to *Samuel Edelen,* and in his pecuniary legacy to *Joseph N. Stonestreet,* he expressly releases them from the debts they owed him. Shewing manifestly that he did not contemplate interfering with his debts in any way by any of his legacies, and that he intended them all as *bounties.*

BUCHANAN, Ch. J. delivered the opinion of the Court.

The question here is a very short one. *James Edelen* being indebted to his sister *Elizabeth Dent* on a single bill, which was due before, and at the time of his death, made his will after it had become due, in which he first directs that his executors shall pay and satisfy all his just debts. He then directs, that they shall sell the whole of his real estate, and all his personal estate not specifically bequeathed; the personal property on a credit of six months, and the real estate on a credit of six, twelve, and eighteen months, and that the whole of the proceeds shall be distributed among his legatees therein after named, in the proportions designated. To his sister *Elizabeth Dent* he bequeaths a sum of money exceeding in amount the debt due from him to her; and whether this pecuniary legacy shall be taken as a satisfaction of the debt, is the question submitted?

The general rule of law, that a pecuniary legacy, of an equal, or a larger amount, is to be taken as a satisfaction of a debt, is undeniable; but it is not an unbending rule, and not being much favored is made to yield to slight circumstances to be found in the will. Such as an express devise for the payment of debts and legacies, the creation of a fund for the payment of debts, and a charge of the legacies on that fund; or if the legacy be uncertain and made to

depend upon a contingency, 2. *Mad. Ch.* 42, 43, 44, 3 *Atk.* 65, or if the payment of the legacy be postponed by the will to a time subsequent to that, at which the debt is due and payable, or if the debt be due at the time of the testator's death, and the legacy be not made payable immediately, but at some future time, 2. *Mad.* 44. 3 *Atk.* 96. 1 *Brown's Ch. Rep.* 295. In this case with the exception that the legacy is not made to depend upon a contingency, all those circumstances concur. The debt was subsisting and due before and at the time of the testator's death; there is an express devise for the payment of debts and legacies, the creation of a fund charged with the payment of debts and legacies, and the legacy to *Elizabeth Dent* is not made payable immediately on the death of the testator, but with the other legacies, is to be paid out of the proceeds of sales of the real and personal property, and might in part at least, not be paid until long after the executors by law were bound to pay the debts, the real property being directed to be sold, at a credit of six, twelve, and eighteen months, from the time of sale.

There is moreover another circumstance presented by this will, which is worthy of consideration. It is this, that there is a specific bequest, to one of the objects of the testator's bounty, and a pecuniary legacy to another, to whom he expressly releases the debts respectively due by them to him; which tends to shew the general intention of the testator, that the different legacies bestowed should be enjoyed as clear bounties by those to whom they were given, unaffected by any debts, owing to, or by him, or them. We therefore think, that the pecuniary legacy to *Elizabeth Dent*, is not to be taken, as in satisfaction of the debt which was due to her by the testator.

JUDGMENT AFFIRMED.